*1410 Tihe opinion of the court was delivered by
Watkins, J.
Phil. Olarke, Richard Wilson, Martin Jones, Julien Mallet and Edward Isaacs were indicted for a conspiracy to commit the crime of murder, and the last two, having been convicted and sentenced to imprisonment in the penitentiary, have appealed.
They rely on the following bills of exception for relief, viz.:
One taken to the refusal of the judge to quash the general venire of jurors, on the ground that the law whereunder the same was drawn had not, at the time same was drawn, been fully promul - gated and was not in force; and one taken to the judge’s refusal to permit counsel for the defendants to introduce in evidence a certificate of the Assistant Secretary of State for the purpose of showing the date of the publication of said act.
The grounds on which the motion to quash are predicated are fully stated in the brief of defendants’ counsel, and we have made an extract therefrom as the most exact way of presenting his views, viz.':
“ That on the 5th day of July, 1894, the jury commissioners, acting under Act No. 44 of 1877, proceeded to draw, and did legally draw, a general venire for the term of court to be held on the 3d day of September, 1894, which general venire was duly published according to law in the official journal of the parish of Iberia.
“ That no order was issued, nor could such an order issue, canceling, vitiating and quashing the said general venire drawn on the said 5th day of July, 1894.
“That on the 6th day of August, 1894, acting under a pretended Act No. 89 of 1894, an order issued from this Honorable Oourt appointing jury commissioners, and ordering the said commissioners to meet at the court house in New Iberia in order to draw a general venire for the said September term of court.
“ That the said commissioners did illegally proceed to draw a general venire, which were illegally summoned for the term of this Honorable Oourt.
“That at the time the said order, dated August 6, 1894, was issued by the Honorable Court, the pretended Act No. 89 of 1894 had not been promulgated twenty days in the official journal of the State and therefore was not a law. That all the acts of the jury commissioners, under the pretended Act No. 89 of 1894, were therefore illegal, null, void and of no effect.
*1411 “ That the ignoring and setting aside of the legal general venire drawn by the jury commissioners on the 5th day of July, 1894, was contrary to law and without warrant and authority.”
The foregoing is a literal reproduction of the grounds assigned in one of defendants’ bills of exception.
The defendants’ motion to quash the general venire was filed on the first day of the term, and the grounds therein assigned are the same as those assigned in the bill of exceptions.
The record discloses the facts to be as stated in the motion to quash and the bill of exceptions — the trial judge having, presumably, acted on the presumption that Act 89 of 1894 had repealed Act 44 of 1877, in appointing jury commissioners on the 6th of August, 1894, and ordering them to draw a general venire for the September term of court.
If he was correct in that assumption, the defendants’ complaint is without foundation. Act 89 of 1894 was approved by the Governor on the 7th of July, 1894; and it declares in terms that Act 44 of 1877 is thereby repealed. Anterior to the approval of the former statutes the jury commissioners appointed under the latter had, on the 5th of July, met and drawn a general venire of jurors for the September term of court. And the point is made by the motion to quash, and in the bill of exceptions, that at the time of appointing of the jury commissioners on the 6th of August, 1894, Acc 89 of 1894 had not been promulgated twenty days in the official journal of the State, and was therefore not a law.
The provision of the Oivil Code with regard to the promulgation of the laws, is that “ all laws enacted by the Legislature of the State shall be considered promulgated at the place where the State Gazette is published, the day after the publication of such laws in the State Gazette; and in all other parts of the State, thirty days after publication.” Revised Civil Code, Art. 6. The time required for promulgation is, by the Constitution, reduced to twenty (20) days. Constitution, Art. 40.
The certificate of the Assistant Secretary of State is to the effect “ that Act 89 of the regular session of the General Assembly of the State of 1894 was duly published in the official journal of the State of Louisiana on the 22d of July, 1894.” Consequently sufficient time had not elapsed between that date and the 6th of August, 1894, for the publication of the act and its promulgation according to law.
*1412 Objections were made, however, by the State’s attorney, to the admission in evidence of the certificate of the Assistant Secretary of State; and the objection having been sustained by the court, the defendants’ counsel retained the aforesaid bill and annexed the certificate thereto. The judge assigned no reasons for sustaining the objection and disallowing the certificate in evidence.
The Civil Code provides that the Secretary of State “ shall keep a register in which he shall write down the title of all the laws passed by the Legislature, together with the dates when they shall have been respectively published in the State paper; and the register thus kept, or the eertifieate delivered from the same, by the Secretary of State, under his official signature and seal, shall be evidence of the publication of the laws,” etc. Revised Civil Code, Art. 6; Revised Statutes, Sec. 3493.
The Secretary of State is authorized to appoint an Assistant Secretary of State. Revised Statutes, Sec. 3522.
And the Assistant Secretary ef State “ is fully authorized to perform all or any of the duties or official- acts required by law of the Secretary of State,” etc. Revised Statutes, Sec. 3523.
It is evident that the certificate of the Assistant Secretary of State was competent evidence for the purpose for which it was offered, and that rejecting it was error on the part of the trial judge, which entitles the defendants to relief.
It is therefore ordered and decreed that the verdict of the jury thereon based be annulled and set aside, and it is further ordered that the cause be remanded to the lower court, and the sentence of the court for the purpose of a new trial in - accordance with law and the views herein expressed.